UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **PARISH OF JEFFERSON** <br> **Plaintiff** | * | CIVIL ACTION |
| | * | NO: |
| v. | * | |
| **INLAND DREDGING COMPANY, LLC, AND ENCORE DREDGING PARTNERS, LLC** <br> **Defendant** | * | SECTION " " |
| | * | |
| | * | MAG. |
| | * | |

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes the Parish of Jefferson ("POJ") and for its Complaint alleges as follows:

### Nature of the Case

1.

The United States Army Corps of Engineers ("USACE") contracted with defendant Inland Dredging Company, LLC, to safely dredge certain waterways within the Parish of Jefferson, State of Louisiana, including but not limited to the Barataria Waterway according to certain plans and specifications.

2.

Defendant Encore Dredging Partners, LLC, is a member/officer of Inland Dredging Company, LLC, and performed some or all of the work of Inland Dredging Company, LLC, pursuant to the referenced contract with USACE; all allegations herein against Inland Dredging Company, LLC, are also made against Encore Dredging Partners as if stated

expressly; and therefore hereinafter defendant Inland Dredging Company, LLC, and Encore Dredging Partners, LLC, are collectively referred to as "Inland", whether either or both.

3.

On or about February 3, 2024, in the Barataria Waterway, *Enterprise*, a dredge vessel owned or chartered to Inland, and under the control of Inland, initially dredged and due to its negligence struck and damaged 123 feet of a 16 inch diameter pipeline carrying water to Grand Isle (the "GI Waterline") owned by POJ.

4.

Inland claims that the February 3, 2024, strike or allision occurred when Inland hooked the GI Waterline with an anchor. In any event, Inland had actual and constructive knowledge of the GI Waterline location.

5.

On February 4, 2024, Inland again dredged and due to its negligence struck and damaged the GI waterline in the same area; Inland acknowledges the allision but parses that the February 4, 2024, strike or allision occurred when Inland once again hooked the GI Waterline with an anchor.

6.

Said February 3, 2024, negligent strike or allision and said February 4, 2024 negligent strike or allision are hereinafter collectively referred to as the "1st Strike"; thus, the 1st Strike is actually two separate "back to back" strikes: one on February 3, 2024, and one on February 4, 2024.

7.

The 1st Strike was caused solely by the negligence, breach of the standard of care, lack of situational awareness, and lack of skill of Inland and its vessel, *Enterprise*, and its owners and management.

8.

See Paragraphs 29-37 *infra* for a detailed recitation of the events of February 3-4, 2024.

9.

Over a month later and after the 1st strike, on or about March 18, 2024, at approximately 1:00 AM, in the Barataria Waterway, a dredge vessel owned or chartered to Inland, and under the control of Inland, dredged, struck and damaged an 8 inch diameter pipeline (the "Lafitte Line") owned by POJ (said March 18, 2024 strike or allision is hereinafter referred to as the "2nd Strike").

10.

The 2nd Strike was also caused solely by the negligence, breach of the standard of care, lack of situational awareness, and lack of skill of Inland and its vessel, its owners and management. On both occasions there is a presumption of negligence and fault for alliding with a fixed object.

**Jurisdiction and Venue**

11.

This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This Honorable Court has subject matter jurisdiction

pursuant to the admiralty and maritime jurisdiction of the United States District Courts, 29 U.S.C. 1333, and the Admiralty Extension Act, 46 U.S.C. 30101.

12.

Venue lies in this Honorable Court, as the accidents or allisions complained of occurred in the Barataria Waterway in the Parish of Jefferson, which is in the Eastern District of Louisiana.

### Parties

13.

Plaintiff Parish of Jefferson is a political subdivision of the State of Louisiana.

14.

Defendant Inland Dredging Company, LLC, is a foreign (non-Louisiana) limited liability company.

15.

Defendant Encore Dredging Partners, LLC, is a foreign (non-Louisiana) limited liability company.

### Background

16.

The Grand Isle Waterline is a permitted 16 inch pipeline that supplies potable water to Grand Isle in the Parish of Jefferson.

17.

At all times relevant hereto, the GI Waterline is and has been owned by POJ and at all times has been properly maintained and located in a permitted and known location.

18.

The GI Waterline runs approximately 27 miles from Lafitte, LA, to Grand Isle, LA; for the large majority of its length, the GI Waterline is buried in the Barataria Waterway and runs parallel to and closely along the west bank of the Barataria Waterway.

19.

Along the GI Waterline, approximately every 1000 feet, there are above water valve platforms, so that the water can be turned off and on, the water pressure adjusted, etc.

20.

POJ is also the owner of another waterline, i.e. the Lafitte Line, which is 8 inches in diameter, and which crosses the Barataria Waterway perpendicular to the channel between Lafitte and Barataria; the Lafitte Line supplies potable water to Barataria.

21.

The Lafitte Line is marked and identified with signs on both sides of the Barataria Waterway at the point of its crossing and at all times has been properly maintained and located in a permitted and known location.

22.

As part of Inland's contract with USACE, Inland was to dredge the Barataria Waterway in the area of Lafitte and Barataria and in proximity to the GI Waterline and the Lafitte Line.

23.

Inland's contract with USACE required Inland to locate existing structures such as the GI Waterline and the Lafitte Line, so that Inland would not damage such structures in

the course of dredging. Identifying underwater objects and avoiding allisions is a known obligation in the dredging industry and a hazard to avoid with adoption and implementation of proper safety management systems and training.

24.

In 2022, after Hurricane Ida, POJ had a survey (the "All South Survey") conducted by All South Consulting Engineers, L.L.C. to determine the exact location of the GI Waterline.

25.

The All South Survey is dated July 25, 2022.

26.

POJ provided the All South Survey to Inland before Inland began dredging in the area of the GI Waterline. The pipelines in the area were a known hazard to Inland who then assumed the risk and obligation.

27.

On February 3, 2024, the All South Survey was approximately one and one half years old, which is to say, highly accurate and provided adequate notice.

28.

Pursuant to Inland's USACE Contract, the GI Waterline was supposed to be protected by a 100 foot exclusion zone, with the GI Waterline in its center, in which exclusion zone no dredging was supposed to occur.

29.

On February 3, 2024, at approximately 5:30 AM, the water pressure in the GI Waterline dropped, indicating that the GI Waterline had been ruptured.

30.

At the same time, on February 3, 2024, in the Barataria Waterway, a dredge vessel owned or chartered to Inland, and under the control of Inland, negligently damaged 123 feet of the GI Waterline by hooking the GI Waterline with an anchor.

31.

It is unknown exactly how far Inland moved the GI Waterline on February 3, 2024, with its anchor; however, on February 3, 2024, Inland dragged the GI Waterline from its original permitted location further into the channel of the Barataria Waterway.

32.

On the morning of February 3, 2024, POJ employees went by boat to the vicinity of the rupture in the GI Waterline, identified the location of the rupture, and also went by boat to the Inland dredge vessel that had ruptured the GI Waterline (*Enterprise*), and informed Inland that it had ruptured the GI Waterline.

33.

Inland did not immediately report the February 3, 2024 strike to anyone; this lack of reporting of the first hooking of the GI Waterline, even to the February 4, 2024, crew of *Enterprise*, constitutes obvious gross negligence by Inland. Failure to properly mark and avoid a known pipeline is also either a sign of gross negligence or intentional conduct.

34.

On February 4, 2024, Inland once again hooked the GI waterline with an anchor.

35.

On February 4, 2024, when Inland's vessel *Enterprise* hooked the GI Waterline for the second time, the *Enterprise* crew was informed by another crew working on Inland's USACE contract – upon information and belief the Inland crew that had been working on February 3, 2024- that they had in fact hooked the GI Waterline with an anchor on February 3, 2024.

36.

After both of said strikes comprising the 1st Strike, i.e. after Inland hooked the GI Waterline with anchors on February 3, 2024 and again on February 4, 2024; and after Inland then managed to get its anchors free – twice – the damaged portion of the GI waterline ended up at latitude 29 39.1 N and longitude 90 06.3 W, which is to say in the middle of the channel of the Barataria Waterway, approximately 142 feet away from its original position according to the All South Survey.

37.

Stated differently, due to Inland's gross negligence, intentional acts, and/or incompetence, Inland hooked the GI Waterline with an anchor on February 3, 2024, and again on February 4, 2024, thereby ruptured the GI Waterline, and dragged the GI Waterline 142 feet from its original duly permitted location, into the middle of the channel of the Barataria Waterway.

38.

But Inland's gross negligence continued: Despite the fact that the Lafitte Line was marked with signs, on or about March 18, 2024, at approximately 1:00 AM, in the Barataria Waterway, a dredge vessel owned or chartered to Inland, and under the control of Inland, dredged and damaged the Lafitte Line (the 2nd Strike).

### The First Cause of Action: The First Strike

39.

The 1st Strike was caused solely by the negligence, breach of the standard of care, lack of situational awareness, and lack of skill, policies and training of Inland and its vessel; and a presumption of fault applies against Inland under general maritime law for alliding with or striking a known and fixed object.

40.

The repairs to the GI Waterline that were necessitated by the damages caused by the 1st Strike totaled $906,128.53.

41.

Inland is liable to POJ for all damages resulting from the 1st Strike, plus other costs, expenses, and loss of use as will be shown at trial.

42.

Inland's actions and/or inactions in causing the 1st Strike were wanton, careless, and grossly negligent, thereby allowing punitive damages under general maritime law.

43.

Amicable demand was made upon Inland by POJ, to no avail.

44.

POJ is entitled to judgment in its favor and against Inland Dredging Company, LLC, and Encore Dredging Partners, LLC, *in solido*, in the principal amount of $906,128.53 for damages from the 1st Strike, plus punitive damages, plus other costs, expenses, and loss of use to be shown at trial, plus legal interest from the date of judicial demand and all court costs.

### Second Cause of Action: The 2nd Strike

45.

The 2nd Strike was caused solely by the negligence, breach of the standard of care, lack of situational awareness, and lack of skill, policies and training of Inland and its vessel; and a presumption of fault applies against Inland under general maritime law for alliding with or striking a known and fixed object.

46.

The repairs to the Lafitte Line that were necessitated by the damages caused by the 2nd Strike totaled $679,420.91.

47.

Inland is liable to POJ for all damages resulting from the 2nd Strike, plus other costs, expenses, and loss of use as will be shown at trial.

48.

Inland's actions and/or inactions in causing the 2nd Strike were wanton, careless, and grossly negligent, thereby allowing punitive damages under general maritime law.

49.

Amicable demand was made upon Inland by POJ, to no avail.

50.

POJ is entitled to judgment in its favor and against Inland Dredging Company, LLC, and Encore Dredging Partners, LLC, *in solido*, in the principal amount of $679,420.91 for damages from the 2nd Strike, plus punitive damages, plus other costs, expenses, and loss of use to be shown at trial, plus legal interest from the date of judicial demand and all court costs.

**WHEREFORE**, plaintiff Parish of Jefferson prays that:

1. This Complaint be deemed good and sufficient and that defendants be cited and served with a copy of it;

2. After due proceedings had, there be judgment in favor of plaintiff Parish of Jefferson and against defendants Inland Dredging Company, LLC, and Encore Dredging Partners, LLC, *in solido*, in the principal amount of $906,128.53 for damages resulting from the accidents or allisions that occurred on or about February 3-4, 2024, plus punitive damages, plus other costs, expenses, and loss of use to be shown at trial, plus legal interest from the date of judicial demand and all court costs;

3. After due proceedings had, there be judgment in favor of plaintiff Parish of Jefferson and against defendants Inland Dredging Company, LLC, and Encore Dredging Partners, LLC, *in solido*, in the principal amount of $679,420.91 for damages resulting from the accident or allision that occurred on or about March

18, 2024, plus punitive damages, plus other costs, expenses, and loss of use to be shown at trial, plus legal interest from the date of judicial demand and all court costs; and

4. Plaintiff be granted all further general and equitable relief to which it may be entitled.

                                    **RESPECTFULLY SUBMMITTED,**

                                    **THE PARISH OF JEFFERSON**
                                    **TONI G. HURLEY, PARISH ATTORNEY**

                                    */s/ W. Reed Smith*
                                    **W. REED SMITH, LA Bar No. 18440**
                                    Senior Assistant Parish Attorney II
                                    **COLIN C. CISCO, LA Bar No. 37071**
                                    Senior Assistant Parish Attorney
                                    Jefferson Parish Attorney's Office
                                    1221 Elmwood Park Blvd., Suite 701
                                    Jefferson, Louisiana 70123
                                    Tel. (504) 736-6300
                                    Fax. (504) 736-6307
                                    reed.smith@jeffparish.gov
                                    colin.cisco@jeffparish.gov